JOURNAL ENTRY and OPINION
Appellant Margaree Godfrey appeals the decision of the trial court granting appellee city of Cleveland summary judgment on her personal injury claim. Godfrey alleges the following two assignments of error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE CITY OF CLEVELAND'S MOTION FOR SUMMARY JUDGMENT AS PREMISED UPON THE SOVEREIGN IMMUNITY CONFERRED BY R.C. 2744.02(B)(4), WHERE THE PROVISIONS OF THAT STATUTE AS WRITTEN AND APPLIED VIOLATE PLAINTIFF-APPELLANT'S RIGHT TO LEGAL REMEDY AS GUARANTEED BY SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE CITY OF CLEVELAND'S MOTION FOR SUMMARY JUDGMENT AS PREMISED UPON THE SOVEREIGN IMMUNITY CONFERRED BY R.C. 2744.02(B)(4), WHERE THE PROVISIONS OF THAT STATUTE AS WRITTEN AND APPLIED VIOLATE PLAINTIFF-APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER THE LAW AS GUARANTEED BY THE OHIO CONSTITUTION AND THE UNITED STATES CONSTITUTION.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
In January 1997, appellant Margaree Godfrey filed a complaint against appellee city of Cleveland (City) and the John Doe vendor and installer of institutional furnishings within the Cleveland House of Corrections for negligence and product liability.[1]
In her complaint Godfrey alleged she went to Cleveland House of Corrections (Workhouse) to visit her son, an inmate of the workhouse, on March 27, 1995. While in the visiting area, Godfrey attempted to sit at one of the aluminum picnic style tables provided by the city for visitation. When she sat down, the table and the seat came away from the floor and tipped over causing Godfrey to strike her head and neck against a wall and window ledge. Godfrey alleged the incident occurred because the city failed to properly secure the table and seat. As compensation for her injuries, Godfrey requested monetary damages totaling $149,000 for medical costs and lost wages. She also requested an unspecified amount of damages for pain and suffering.
In August 1998, the City filed a motion for summary judgment alleging governmental immunity from suit pursuant to R.C.2744.02(B)(4). The City argued R.C. 2744.02(B)(4) expressly precluded Godfrey's negligence claim because the alleged injury occurred at a workhouse. Godfrey opposed the City's motion. Godfrey argued the R.C. 2744.02(B)(4) exception from liability did not apply on the facts of this case because her injury did not occur as the result of the inherent danger posed by prisoners upon which the immunity is based. Rather her injury resulted from the City's failure to properly maintain the furnishings in the visiting area and its failure to warn her of the dangerous condition. Additionally, Godfrey argued R.C. 2744.02(B)(4) violated her rights to equal protection and due process under the Ohio and United States Constitutions. The trial court granted the City's motion for summary judgment without opinion on December 2, 1998. Godfrey appealed.
In her first assignment of error, Godfrey argues that R.C.2744.02(B)(4) violates the due process provisions of the Ohio and United States Constitutions. Godfrey urges this court to review her due process claim using a strict scrutiny standard. However, we reserve strict scrutiny review for those cases involving fundamental rights. The right to sue a political subdivision for the negligence of its employees is not a fundamental right. Fabrey v. McDonald (1994), 70 Ohio St.3d 351, 353, 639 N.E.2d 31, 33.
When a fundamental right is not involved, a statute comports with due process under the Ohio Constitution if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary. Desenco, Inc. v. Akron (1999), 84 Ohio St.3d 535, 545,706 N.E.2d 323, 333, citing Fabrey v. McDonald Village Police Dept. (1994), 70 Ohio St.3d 351, 354, 639 N.E.2d 31; Benjamin v. Columbus (1957), 167 Ohio St. 103, 110, 146 N.E.2d 854, 860; Piqua v. Zimmerlin (1880), 35 Ohio St. 507. Federal due process is satisfied if there is a rational relationship between a statute and its purpose. Id.; Martinez v. California (1980), 444 U.S. 277, 283,100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488.
In the instant case Godfrey challenges the General Assembly's decision to grant political subdivisions immunity from tort suits occurring in detention facilities under R.C. 2744. R.C.2744.02(B)(4) provides:
 Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including but not limited to, office buildings, and courthouses, but not including jails, places of juvenile detention, work-houses, or any other detention facility, as defined in section 2921.01 of the revised code.
The Ohio Supreme Court has determined that R.C. 2744.02.(B)(4) does not violate the due process provisions of the Ohio or United States Constitutions. Fabrey. In Fabrey, the appellant sought to impose tort liability on a political subdivision for injuries he suffered as the result of a fire in a cell block at the city's jail. Using the rational relationship test, the Ohio Supreme Court concluded that [t]he primary purpose of R.C. 2744 is to preserve the fiscal resources of political subdivisions. Fabrey at 353,639 N.E.2d at 33. Further the Court found statutes serve a valid state interest when they seek to preserve fiscal integrity. Id., 639 N.E.2d at 34, citing Shapiro v. Thompson (1969), 394 U.S. 618, 633, 89 S.Ct. 1322, 1330, 22 L.Ed.2d 600, 614. Continuing its analysis using a rational relationship standard as applied by the United States Supreme Court in Martinez, the Ohio Supreme Court stated:
 Applying this standard, the Supreme Court held constitutional a state statute that provided immunity to the state and its parole officers from liability stemming from determinations of whether to grant parole. In Martinez, a parolee murdered an innocent third party after the parole board, having failed to observe certain procedures, released him. The Supreme Court reasoned that the grant of immunity to the state and the parole officers satisfies due process because it rationally furthers a policy that reasonable lawmakers may favor.
The Court's analysis in Martinez, * * * compels us to hold that R.C. 2744.02(B)(4) does not violate the due process provisions of the Ohio or United States Constitutions.
Fabreyat 354, 639 N.E.2d at 34 (citations omitted). Accordingly, we overrule Godfrey's first assignment of error.
In her second assignment of error, Godfrey challenges the constitutionality of R.C. 2744.02(B)(4) under equal protection provisions of the Ohio and United States Constitutions. We conclude that the statute is constitutional and affirm the trial court.
The standard for determining violations of equal protection is essentially the same under state and federal law. Fabrey, Beatty v. Akron City Hosp. (1981), 67 Ohio St.2d 483, 491, 424 N.E.2d 586,591-592. Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups. Fabrey at 353, 639 N.E.2d at 33, citing Beatty v. Akron City Hosp. at 492, 424 N.E.2d at 592. Accordingly, legislative distinctions are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them. Id. citing Clements v. Fashing (1982), 457 U.S. 957, 963,102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515.
As discussed above, the grant of immunity provided in R.C.2744.02(B)(4) does not involve a fundamental right. Further, it does not burden a suspect class. As the Ohio Supreme Court noted in Fabrey:
 [t]he distinction it makes is between negligent acts that occur in public buildings such as courthouses and office buildings, and negligent acts that take place in detention facilities. The basis of the distinction is the location of the victim, not his or her identity. The statute applies evenly across every personal classification that has evinced heightened scrutiny, such as race, national origin, religion, and sex. Prisoners, employees, and other visitors to detention facilities are all treated alike under the statute.
In determining whether the R.C. 2744.02(B)(4) location based classification bore a rational relationship to its purpose of preserving resources, the Ohio Supreme Court stated:
 [b]y their very nature, detention facilities are more dangerous than other types of government buildings. They house people who have committed antisocial and illegal acts. * * * [T]hose acts do not always cease when the person is in detention. Detainees often create dangers to themselves and to others.
Fabrey. Based on this rationale, the Ohio Supreme Court held there is a rational basis for the unequal treatment here and that R.C. 2744.02(B)(4) does not violate the guarantees of equal protection of the Ohio or United States Constitutions. Id.
Godfrey argues her injury resulted from failure to properly maintain the furnishings in the visiting area rather than from the dangerous nature of the facility. However, the statute granting immunity makes no distinction between the alleged causes of injury and we decline to so do. The General Assembly clearly established the policy of the law to be that political subdivisions cannot afford the costs of defending tort suits when incidents occur at these facilities. Fabrey. While there may be a better alternative to a blanket grant of immunity from suit, we conclude grant immunity under R.C. 2744.02(B)(4) is rationally related to its purpose of conserving political subdivision resources. Accordingly, we overrule Godfrey's second assignment of error.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
 ______________________________ PATRICIA ANN BLACKMON, JUDGE
TERRENCE O'DONNELL, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Godfrey later amended her complaint, naming Business Interiors and Equipment Inc. (BIE) as the John Doe vendor and installer. However, Godfrey voluntarily dismissed BIE when through discovery, it became evident that BIE had no involvement in the creation or maintenance of the condition within the House of Corrections visiting area.